IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT LEE HINSON, JR.,**
        **Petitioner,**

**v.**                                                      **Case No. 3:04cv206/MCR/MD**

**JAMES R. MCDONOUGH,**[1]
        **Respondent.**

_____

**ORDER and**
**REPORT AND RECOMMENDATION**

        **Before the court is a petition for writ of habeas corpus filed pursuant to 28
U.S.C. § 2254 (doc. 1).  Respondent has filed a response (doc. 11), providing relevant
portions of the state court record (doc. 12).  Petitioner has replied (doc. 14).  The
matter is referred to the undersigned magistrate judge for report and
recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After
careful consideration of all issues raised by petitioner, it is the opinion of the
undersigned that no evidentiary hearing is required for the disposition of this matter,
Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the
undersigned that the pleadings and attachments before the court show that
petitioner is not entitled to relief, and that the petition is without merit and should be
denied.**

_____

        [1]**James R. McDonough succeeded James V. Crosby as Secretary of the Florida Department
of Corrections and is automatically substituted as respondent.  *See* Fed. R. Civ. P. 25(d)(1).**

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in a four count information in the Circuit Court of Escambia County, Florida with : (1) forgery of a check, (2) uttering a forged check, (3) grand theft, and (4) felony failure to appear.[2]  The fourth count was added when petitioner, who had been released on bond, was arrested for failure to appear to answer for the first three counts.  The fourth count was severed for separate trial. After consulting with his attorney petitioner signed a plea agreement/sentence recommendation (the "Agreement") in which the state agreed to recommend a 22 month sentence with disposition of petitioner's charges as follows:

(1) nolle prosequi forgery of a check;

(2) nolle prosequi uttering a forged check;

(3) plead nolo contendere to petit theft (a lesser included offense of grand theft);

(4) plead nolo contendere to felony failure to appear as charged.

(Doc. 12, ex. A, pp. 4-7).[3]  Petitioner was sentenced to time served on Count 3, and to 22 months imprisonment on Count four.  He did not appeal his convictions and sentences, but later filed a Motion to Correct Illegal Sentence pursuant to FLA.R.CRIM. P. 3.800, in which he raised the same basic claim he raises here - that he could not be convicted of felony failure to appear when all pending felony charges were nolle prossed or pleaded down to a misdemeanor (ex. A, pp. 1-10).  The court denied the motion in a written order (ex. A, pp. 11-12).  Petitioner's appeal of the order of denial was unsuccessful (ex. H).[4]  Petitioner filed a second 3.800 motion which was essentially identical to the first, but in which he claimed double jeopardy.

---

[2]The record before the court is incomplete; it does not contain a copy of the information, among other documents.  However, the charges are clearly set out in the plea agreement/sentence recommendation, and there is no dispute on any relevant factual issue.  Petitioner recounted the charges in his 3.800 motion discussed below.  The undersigned is confident that the record is sufficiently complete to address all issues raised by petitioner.

[3]Hereafter all references to exhibits will be to doc. 12 unless otherwise noted.

[4]Petitioner also filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, in which he raised claims not relevant here (ex. I).  The motion was denied in a written order (ex. K, pp. 34-36).

He argued that count three, grand theft, was nolle prossed, and that once that happened, he could not be charged with petit theft without a double jeopardy violation (ex. K, pp. 1-14).  He also claimed actual innocence, and further that the court should reduce his sentence because he did in fact appear the day he was required to (*id.*).  This motion was also denied, the court noting that the claims had no merit, were repetitive and/or were frivolous (ex. K, pp. 15-19).  The order of denial was affirmed on appeal.  Respondent does not contest the timeliness of the instant petition (doc. 11).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal

habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that "[a]voiding these pitfalls does not require

citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521.  Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be

presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner presents this court with four grounds for relief.  He identifies those grounds as: (1) sentence exceeds statutory maximum, (2) lesser included offense, (3) nonexistent offense, and (4) equal protection.   Each will be discussed individually, but the court has examined the four claims made and concludes, as does respondent, that they are fundamentally all one.  Petitioner makes one basic claim - that when the first two counts were dismissed and the third was reduced to a misdemeanor, he could not legally be convicted of felony failure to appear because there were no felonies, and his sentence is therefore illegal.  Petitioner raises several theories in support of his issues, but they are all founded on this one basic claim.

    1.    Sentence exceeds statutory maximum.

    Petitioner contends that since he was not convicted of any underlying felony, his felony failure to appear should have become a misdemeanor, with a maximum sentence of one year.  The state court rejected this claim.  It held that under Florida law it is a felony to fail to appear to answer for felony charges, regardless of what ultimately happens to the underlying claims (ex. A, p. 11).

    The basis of petitioner's claim involves an interpretation of Florida law.  It is not for this court to say whether the state courts interpreted state law correctly. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct.

3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). In *Branan v. Booth*, for example, the Eleventh Circuit reaffirmed that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." *Id.* at 1508 (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980)).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

Petitioner says that he can be convicted of a felony only if he failed to appear *after conviction*. This argument is incorrect. Section 843.15 of the Florida Statutes provides that whoever willfully fails to appear before any court after being granted pre-trial release is guilty of a third degree felony "[i]f he or she was released in connection with a charge of felony or while awaiting sentence or while pending review by certiorari after conviction of any offense . . . ." FLA. STAT. § 843.15(1)(a).

The statute clearly gives *two* instances in which a person may be guilty of felony failure to appear: (1) if released in connection with a charge of felony, or (2) while awaiting sentence or pending certiorari review after conviction *of any offense.* Petitioner fit the first. He failed to appear to answer for three felonies. No conviction was necessary. This is further borne out by considering the second provision. It is a felony to fail to appear after being sentenced for conviction of any offense, including misdemeanors. Petitioner did not meet the second provision, but he did meet the first. Moreover, the argument petitioner makes here was directly addressed in *English v. State*, 667 So.2d 506 (Fla. 5th DCA), which held that when a defendant failed to appear for pending felony charges, he could be convicted of felony failure to appear "[e]ven if he wasn't convicted of felonies and later pled the offenses down to misdemeanors." 667 So.2d at 507. That is exactly what happened in petitioner's case.

There is no constitutional violation here, and this court will not second guess the state court on its interpretation of state law. Petitioner has failed to show that he is entitled to federal habeas relief, and the writ should not issue.

2.   Lesser included offense.

Petitioner's second ground for relief is difficult to interpret. In his petition and memorandum he repeats the argument he makes on the first ground. He says that the fact that he was convicted of a lesser included offense (petit theft) means he could not be convicted of felony failure to appear. The foregoing discussion shows this argument to be without merit.

Petitioner also says that he was denied his constitutional right to the presumption of innocence. Although this aspect of petitioner's claim is arguably procedurally defaulted,[5] relief should be denied because it is patently without merit. *See* 28 U.S.C. § 2254(b)(2). Petitioner contends that he had to be convicted of a

---

[5]*See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (holding that to satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim); *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999) (an issue that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review) .

felony before he could be guilty of felony failure to appear, but his reliance on the second part of the quoted statutory section is misplaced, as discussed above. Florida law makes it a felony to fail to appear for *pending felony charges*. Petitioner is presumed to be innocent of the pending charges, and he is also presumed to be innocent of the failure to appear charge until he is found guilty. He was found guilty because he pleaded nolo contendere to the charge. There was no constitutional violation, and federal habeas relief should be denied on this claim.

　　　3.　<u>Non-existent offense.</u>

　　　Next petitioner contends that he was convicted of a non-existent offense. However, his claim that the crime for which he was convicted was non-existent is the same as before: because the felonies disappeared, there could be no felony failure to appear. As above, petitioner is not entitled to federal habeas relief on this claim.

　　　4.　<u>Equal protection.</u>

　　　Finally, petitioner says he was denied equal protection because of his felony conviction. He says that when the state "moderated" the grand theft charge, it was obligated to "moderate" the failure to appear charge. Petitioner argued in the state court that he was denied equal protection under Florida law, (ex. F, pp. 2-3), but he did not fairly present a federal constitutional claim, so any such claim is barred from consideration here. *See* cases cited *supra* note 5. If this court were to consider the matter, relief would not be granted. Petitioner's allegations do not remotely suggest that he was a member of a suspect class or that he was treated differently than similarly situated individuals. To the extent petitioner complains that the state refused to reduce or nolle prosequi the felony failure to appear charge, that, in itself, does not suggest a constitutional violation. Petitioner presents no authority for his argument, nor is there any. It is axiomatic that the prosecution chooses what charges to pursue, and that it can bargain down some, all, or none of those charges. There is no federal constitutional violation when the state chooses one charge to prosecute over another.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that James R. McDonough has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

That the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Robert Lee Hinson*, in the Circuit Court of Escambia County, Florida, case no. 2002 CF 005925, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of August, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).